IN THE INTEREST OF B.O.
No. 29854.
Intermediate Court of Appeals of Hawaii.
November 25, 2009.
On the briefs:
Herbert Y. Hamada, Esq., for Mother-Appellant.
Erin L.S. Yamashiro Mary Anne Magnier for Petitioner-Appellee Department of Human Services.

SUMMARY DISPOSITION ORDER
NAKAMURA, Chief Judge, FOLEY, and LEONARD, JJ.
Appellant Mother (Mother) appeals from the Order Awarding Permanent Custody filed on May 22, 2009, in the Family Court of the First Circuit (family court).[1] The family court terminated Mother's parental rights over her child, B.O., (Child) and granted permanent custody of Child to the Department of Human Services (DHS).
On appeal, Mother claims that 1) the family court erred in determining that it was not reasonably foreseeable that she would become willing and able to provide Child with a safe family home within a reasonable period of time; and 2) the DHS failed to provide Mother with a reasonable opportunity to reunite with Child. We disagree with Mother's claims and affirm the family court.
The family court did not clearly err in determining that it was not reasonably foreseeable that Mother would become willing and able to provide Child with a safe family home within a reasonable period of time. See In re Jane Doe, 95 Hawai`i 183, 190, 20 P.3d 616, 623 (2001) (applying the clearly erroneous standard of review to parental fitness determinations). At the time of trial, Child had been in continuous foster custody for over nineteen months. The evidence showed that: 1) Child was placed in foster custody after incidents in which Mother, while angry, reportedly threw Child into a car seat when Child was two months old, threw Child into a car seat when Child was seven months old, and threw Child from a standing position to the floor when Child was seven months old; 2) Mother failed to maintain stable housing and housing that was suitable for Child; 3) Mother failed to complete parenting counseling and individual therapy; and 4) Mother had very minimal parenting skills. In addition, Mother admitted that she had tried to slit her wrists in the past, including around the time of the DHS's first intervention in April 2007; Mother did not deny that she had slit her writs in October 2008; and the DHS received information that Mother had again twice slit her wrists in about April of 2009. There was substantial evidence to support the family court's determination which was not clearly erroneous.
Based on our review of the record, we reject Mother's claim that the DHS failed to provide Mother with a reasonable opportunity to reunite with Child.
We affirm the family court's May 22, 2009, Order Awarding Permanent Custody.
NOTES
[1] The Honorable Bode A. Uale presided. Mother's notice of appeal identifies the family court's Decision and Order filed on May 14, 2009, as the order being appealed. However, the rulings of the family court set forth in this Decision and Order were incorporated into the May 22, 2009, Order Awarding Permanent Custody.